Council, for administrative reasons, you have given a total amount of time that we would presumptively allot to the Exxon Valdez, and I don't think that this case is really going to require that much time, so if you could keep that in mind and try to keep your argument to ten minutes or so, we would appreciate it. I certainly attempt to do so. It's essentially a procedural issue. Well, yeah, if that's agreeable. All right. We won't cut you off in the middle of a but or anything like that, so. Good morning, Your Honors. May it please the Court, Benjamin Katzen-Ullenbogen for Appellants Martin Goodwin and MSS Global. As the Court indicated, this is a relatively straightforward procedural issue. Goodwin filed a copyright complaint. The district court determined that it lacked subject matter jurisdiction over the complaint, specifically that it did not allege a claim for copyright infringement, at which point the district court allowed leave to amend in the event that Goodwin could allege a breach of contract or other state law claim over which the court had diversity jurisdiction. Goodwin elected not to proceed with such a claim, and as the Eleventh Circuit in Crotwell's case phrased it quite well, it was inconceivable that the district court then entered judgment with prejudice. As Arbrise indicated, when you lack subject matter jurisdiction, the court has no authority to do anything. What kind of objection was made? To the entry of judgment with prejudice? I don't believe that any objection to that judgment was made other than filing this appeal. There was no motion to reconsider? No, I don't believe any motion to reconsider was filed. I don't believe there's any requirement that when a district court enters an improper judgment that a motion to reconsider be filed. As a procedural matter, once this appeal was filed, we did file before the district court, I believe the Ninth Circuit recognizes a procedural matter where you can present to the district court essentially the arguments that were being presented before the Ninth Circuit, which we did, and we presented to the district court saying we think this is a relatively simple procedural issue, a mistake was made, and if you will indicate to the Ninth Circuit that upon remand you will amend the judgment to be without prejudice, then we can petition the Ninth Circuit to dismiss the appeal and save everyone a whole lot of trouble and expense. The district court denied that request. Let me just simplify the challenge of your argument. I as one judge, just for myself, think that your position is correct and that if the judge didn't have jurisdiction, the dismissal couldn't be without prejudice, I mean couldn't be with prejudice. So as far as I'm concerned, I'd be interested in your response to your opponent's arguments, but that's where I'm coming from. I think our position is set forth pretty well in our briefs. I'd be happy to reserve the rest of my time and simply respond if the court has any questions based on opposing counsel's argument. Okay, that's fine. Good morning, Your Honors. May it please the Court. Kristen Olson on behalf of the appellees. Judge Gold, you just expressed a comment that I would like to speak about. Just to elaborate, here's my concern. The judge says, I don't have jurisdiction. I guess feeling that the suit is a suit on the prior settlement agreement and not a real federal copyright infringement or trademark infringement case, copyright infringement. So if the judge concludes I have no jurisdiction, I just don't understand how the judge can dismiss with prejudice. By saying there's no jurisdiction, it would mean the plaintiff's got to go, could go to state court. But a dismissal with prejudice, I guess means the plaintiff's totally out. And so I don't get it. It just mystifies me. Well, Your Honor. Plus, giving someone leave to amend is not a command to amend. So I don't see how it can be a sanction. Anyway, I'll keep my mouth shut now, but those are the issues that are of concern to me. Well, Your Honor, the district court judge did in its order state that an amended complaint shall be filed. He didn't say it may be filed. So that is where we're coming from in terms of the fact that the district court judge ordered them to refile their action. And in the district court's opinion, when it did dismiss the action, the district court did determine that it would have diversity jurisdiction and went on and did address the merits and gave the plaintiff a chance to come back and plead diversity jurisdiction and try to litigate the contract action. And the plaintiff decided not to do that. No, I might not have the order. I guess I have the order in front of me where the court dismisses the action with prejudice and says that the court issued its prior order granting the motion to dismiss with leave to amend. And I don't doubt your statement. You're saying that the court said you shall amend. Maybe the court used language like that, but it still seems to me kind of bizarre. I don't know where a district court would get that from. It comes in the sentence, plaintiffs shall file their first amended complaint within twenty days of this order's entry, which is really kind of unexceptional because it's setting a time limit. I share Judge Gould's doubt that the order meant to be, you have to come back to this court or fear the wrath of God. It's more likely this is your time period. Okay, Your Honor. And if the judge meant you have to file an amended complaint, I guess I'd want to know how can a district court command someone to file an amended complaint? I've never heard of that. I don't see any of the rules that permits or gives the court power to do that. Your Honor, I would like to address something that was brought up by the appellants in their reply brief on page 5 in regard to the textile productions case. They quote that case, a lack of subject matter jurisdiction usually justifies only a dismissal, not a dismissal of prejudice. It's our position that the use of the word usually means not always, that there are certain circumstances which we feel are present in this case where the court can dismiss with prejudice. Okay, well, let's assume that that usually means usually and that there can be a case where a court can do it. Why could the court do it here? I mean, if the court's saying I don't have jurisdiction because you have a state law claim, why could the court dismiss with prejudice so you can't assert your state law claim as a punishment for not making it a diversity claim, which may not have been valid. I mean, what's the best case you have that would say that a court without jurisdiction dismissed a case with prejudice under circumstances like this? What's the best authority you have? Not just that the word usually is in a case saying, you know, you can't do it, but do you have a case where dismissal with prejudice has been sustained by an appellate court? Your Honor, no. Your Honor, no, I don't. I don't. Is that clearly, I'm confused about this. Was it poor lack of diversity jurisdiction? Is that your understanding of why it was dismissed? Is that clear? Well, my understanding, Your Honor, is from the court's opinion, which is found in the record at pages 58 through 69. I believe perhaps the way the court wrote its order is a little bit confusing. He is dismissing the case for lack of subject matter jurisdiction, but then he goes on to say that the court does have diversity jurisdiction and goes ahead and addresses the merits. And it gets into the fact that there was a state court judgment prior, which, by the way, I could see how possibly the plaintiffs would have a three-and-a-half-month time period where they could possibly claim royalties due to them. But that should be an issue that they should take up with the state court where they originally got the state court judgment. It's our argument that there will always be an issue of res judicata. And contrary to what the plaintiffs state in their reply brief at page 19, the district court judge did not completely disregard our res judicata argument. The court did state that maybe some of the claims would not be. But that's an argument, a defense you have, if there's a state court action, right, in the state court? Well, actually, Your Honor, there's also a second district court case that was filed by the plaintiffs on August 26, 2003, after they filed the appeal that we're here on today. And they basically replet essentially the same facts. And we had another motion to dismiss on calendar that was the hearing was vacated, and the action is stayed pending the appeal that's being heard today. So … I don't know what's going on there, or if it's judge shopping or something else. But that case isn't before us right now. Okay. Well, Your Honor, just basically pinpointed one of my arguments. They are judge shopping. And any … But that's not before us as part of what … In other words, we don't have a record of this other case. Okay. But what's going on is, I don't see how we could do anything about that. You move to dismiss? Yes, Your Honor. Is that motion in the excerpts? Yes. Because my understanding is that if the district court dismissed the failure to state a claim upon which relief can be granted, and that under no circumstances could the complaint be amended to state a claim, that that could be the basis for a dismissal with prejudice. Or if it were based on res judicata, it could also be the basis for a dismissal with prejudice. If it were for lack of diversity jurisdiction, it would not, clearly. Did you move for … Did you move under 12b6 for dismissal for failure to state a claim on which relief can be granted? Your Honor, we brought our motion based on the 12b6 and also on 12b1, which is why in the district court's order, in the record at page 58 through 69, they do … the judge does state that we brought our motion on both bases, and the court actually goes through both bases, which is why … I was wondering the same thing. And I searched, and at one point he has a footnote that says for purposes of this motion, consequently the court declines to determine whether such a claim is barred by the previous judgment. So I take it your motion likely presented that issue, but the district court didn't say there can't be a claim here. It identified the issue, but didn't close it out, and then gave leave to amend. Plaintiffs elected not to amend. The next thing the plaintiffs know, and it sounds like the court came out with its own order, so it's not like you submitted an order and he entered it, but he came out with an order that says dismissed with prejudice. And that part of the claim which he acknowledged in his longer order that the court wasn't determining was thereby extinguished by a dismissal with prejudice. And I guess that's the part that seems to me is inconsistent with what the district court did here, having acknowledged there was a claim that he wasn't disposing of, the order that was subsequently entered, disposed of. Your Honor, I think that the judge's, the district court judge's opinion is a little bit confusing on this subject because like I stated previously, the way I read the district judge's order is that there's only a three and a half month time period where the plaintiff could possibly have a claim. Therefore, our argument is if there was an error in this case, it would be harmless because the plaintiff is going to end up in the same situation in the long run in the second district court case as if you rule in our favor today. Well, the problem I'm having is the judge heard all that, but then he grounded his decision on lack of jurisdiction. Thought he grounded it on lack of federal copyright jurisdiction because he says all that's been settled. And if you have a claim now, it's a claim on the settlement agreement or on the state court judgment. So that he's saying I don't have as Judge Clifton noted to make a ruling on failure to state a claim. You know, had he done so, I'd agree it could be with discretionary, whether it's with prejudice, but he didn't do it on that ground. I think he started to, and perhaps that's the confusion, Your Honor. Okay. You have used your time here.  I think the court was correct that in the statement, in the initial order where it said any amended complaint shall be filed within 20 days, the court was stating conventionally that if an amended complaint was filed, it would have to have been filed within 20 days. Certainly the court was not commanding my client to file an amended complaint. And in the case of the complaint, the court probably wouldn't have had authority to compel my client to file an amended complaint, even if the court had wanted to. With regard to the textile productions case cited by counsel, that was the federal circuit acknowledging that in the context of a motion for summary judgment, where the facts appeared to establish that the standing requirement could not be cured, that perhaps under those circumstances it might be appropriate to enter the dismissal with prejudice. That was their reference. Subsequently, as we pointed out, the federal circuit, five years later in 2003, revisited that issue in media technologies and said that because standing is jurisdictional, if you dismiss for lack of standing, it's without prejudice. If we reverse, what do you want? You want just an order of dismissal without prejudice? Yes. I think as the Eleventh Circuit did in Crotwell, the appropriate thing to do would simply be to amend the district court's order to say judgment is entered without prejudice and then affirm as amended. But you have now, is it true that you subsequently filed another action in district court? We did do that. That was based on the federal circuit's holding in media technologies where the court recognized that even if a previous, if you have a previous case that was determined, sorry, where the court determined that it lacked subject matter jurisdiction, even if the order technically says with prejudice, that of course it can't be with prejudice and therefore it's not a bar to a subsequent act. That's what the federal circuit decided. And so we were pursuing this in two different angles. One was appealing the substantive decision. At the same time, we were saying that the previous suit was not a bar. In fact, I think the allegation of judge shopping is inappropriate. The case was filed before exactly the same judge. It was refiled before Judge Kelleher. There was no argument of judge shopping. It was simply our attempt to show to the district court judge that the previous judgment was entered improvidently. Here is the complaint. It was copied directly out of the Federal Rules of Civil Procedure for alleging a copyrighted complaint. If we vacate and we send it back to the district court and say dismiss without prejudice, then where are your claims going to proceed in the other federal suit or in state court or both or is that just an issue? I think that's, I'm sorry for jumping in there early. That's not an issue that this court needs to address as a practical matter. Either the claims would proceed in the other federal case or they would be brought to state court. I think there is a number of issues between the parties. I think it's likely that at this point, the other lawsuit may very well be voluntarily dismissed. It may turn out that pursuing this in federal court for copyright litigation is not the most efficient way for the parties to attempt to resolve their disputes. But that's not really on this appeal. That's really what the district court seemed to think. And that may be the case, but the entry of order with prejudice once it determined that it lacked subject matter jurisdiction was inappropriate. One final point. If you go through the order, the excerpts of records, page 63, there's the heading where the court says the complaint fails to invoke federal jurisdiction under the Copyright Act. And then in excerpts of record 66, when the court concludes that first section, the court says, because this copyright action in essence seeks relief arising from the breach of the settlement agreement and state court judgment, the court concludes that the complaint does not invoke this court's jurisdiction under the Copyright Act. So I think that reading through the court's order, the court determined it lacked federal question subject matter jurisdiction. The court then engaged in hypothetical jurisdiction. It said, assuming arguendo, that diversity jurisdiction exists in this case, and then proceeded to offer an advisory opinion. Now, the court We can read the court order. And with that, we request that the district court order, that the judgment be amended to say without prejudice and be affirmed as amended. Thank you.
judges: Schroeder, Gould, Clifton